UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

BERNARD KANE JOHNSON         )
                             )
    *Petitioner*,             )
                             )
v.                           )    No. 3:06-cv-29
                             )    *Phillips*
VIRGINIA LEWIS, Warden       )
                             )
    *Respondent*.            )

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent. For the following reasons, the motion to dismiss [Court File No. 12] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Bernard Kane Johnson ("Johnson") challenges his 1999 Knox County convictions for sexual battery, aggravated kidnapping, and aggravated assault. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of Johnson's judgments of conviction, the opinion of the Tennessee Court of Criminal Appeals on direct appeal, Johnson's petition for post-conviction relief, and the opinion of the Tennessee Court of Criminal Appeals in post-conviction proceedings. [Court File No. 12, Attachments 1-4, respectively, to motion to dismiss].

Johnson was convicted by a jury of sexual battery, aggravated kidnapping, aggravated assault, and aggravated criminal trespass. He received consecutive sentences of four years, eleven years, and nine years on the convictions for sexual battery, aggravated kidnapping, and aggravated criminal trespass, respectively, and a concurrent sentence of eleven months, 29 days on the aggravated criminal trespass conviction, for an effective sentence of 24 years. On direct appeal, the Tennessee Court of Criminal Appeals reversed the aggravated criminal trespass conviction and, finding misapplication of some enhancement factors, modified some of Johnson's sentences, resulting in an effective sentence of 22 years. *State v. Johnson*, No. E2000-00009-CCA-R3-CD, 2001 WL 81696 (Tenn. Crim. App. January 31, 2001), *perm. app. denied, id.* (Tenn. June 25, 2001).

Johnson filed a petition for post-conviction relief, in which he alleged ineffective assistance of trial counsel, on April 2, 2002. The trial court denied the petition after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Johnson v. State*, No. E2003-02140-CCA-R3-PC, 2004 WL 1073860 (Tenn. Crim. App. May 13, 2004), *perm. app. denied, id.* (Tenn. September 7, 2004). Johnson filed the pending habeas corpus petition on July 1, 2005.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

---

[1] The petition was received by the Clerk's Office on July 6, 2005. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on July 1, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Johnson's conviction became final on September 23, 2001, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal).

Johnson's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. The motion was filed on April 2, 2002, at which time 191 days of the one-year statute of limitation had elapsed, leaving only 174 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on September 7, 2004. Thus, the statute of limitation resumed running on December 6, 2004. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (statute of

3

limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief). As noted, Johnson had 174 days, or May 29, 2005, to seek habeas corpus relief. Johnson's habeas corpus petition was not filed until July 1, 2005. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                                     s/ Thomas W. Phillips
                                             United States District Judge